IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MEQUETTA SNELL-QUICK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:16cv669-KKD |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Mequetta Snell-Quick's *pro se* motion for relief under 28 U.S.C. § 2255.  Doc. 1.[1]

## I.   INTRODUCTION

On April 6, 2015, Snell-Quick pleaded guilty under a plea agreement to one count of conspiring to defraud the United States with respect to claims, in violation of 18 U.S.C. § 286, and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Snell-Quick's convictions stemmed from her participation in a far-ranging scheme to obtain tax refunds by filing fraudulent tax returns using stolen identities. Her plea agreement contained a provision by which she waived her right to appeal or collaterally attack her conviction and sentence, with exceptions for claims of ineffective assistance of counsel and prosecutorial misconduct.  Doc. 3-2 at 6–7. Following a sentencing hearing on August 7, 2015, the

---

[1] References to document numbers (Doc(s)) are to the pleadings, motions, and other materials in the court file as designated by the Clerk of Court on the docket sheet in this action.  Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the hard copy of the document presented for filing.

district court sentenced Snell-Quick to 24 months and one day in prison, consisting of one day on the conspiracy count and 24 months on the identity theft count, the terms to run consecutively.  Doc. 1-1 at 2.  Snell-Quick did not appeal.

On August 9, 2106, Snell-Quick filed this § 2255 motion asserting that she should receive a "minor role" reduction to her sentence based on Amendment 794 to § 3B1.2 of the Sentencing Guidelines.  For the reasons that follow, the Magistrate Judge recommends that Snell-Quick's § 2255 motion be denied without an evidentiary hearing and that this case be dismissed with prejudice.

## II.   DISCUSSION

### A.   General Legal Standard

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited.  A prisoner may secure relief under § 2255 if the court imposed a sentence that (1) violated the constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the

2

alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent."

## B.   Amendment 794 to U.S.S.G. § 3B1.2

Snell-Quick maintains she should receive a retroactive minor role reduction to her sentence based on the November 1, 2015 amendment (Amendment 794) to U.S.S.G. § 3B1.2.  Doc. 1 at 4 & 12.

Section 3B1.2 of the Sentencing Guidelines provides that a defendant's offense level should be decreased as follows:

(a)   If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

(b)   If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

In cases falling between (a) and (b), decrease by 3 levels.

U.S.S.G. § 3B1.2.

Amendment 794 amended the Commentary to § 3B1.2 by introducing a list of non-exhaustive factors that a sentencing court should consider when determining whether to apply a mitigating role reduction.  The listed factors introduced in Amendment 794 are:

(i)   the degree to which the defendant understood the scope and structure of the criminal activity;

(ii)   the degree to which the defendant participated in planning or organizing the criminal activity;

(iii)   the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv)   the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant

performed and the responsibility and discretion the defendant had in performing those acts;

(v)     the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2, cmnt. n.3(C).

Snell-Quick seeks a two-level minor role reduction to her sentence (*see* § 3B1.2(b)), and suggests that she is entitled to such a reduction because she had no proprietary interest in the criminal activity for which she was convicted.  Doc. 1 at 4.

### 1.     *The Claim is Barred by the Waiver Provision in the Plea Agreement.*

Snell-Quick's written plea agreement contained a waiver provision with the following language:

<u>DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK</u>

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the Defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence.  The Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the conviction and sentence in any post-conviction proceeding.  This waiver does not include the right to appeal on the ground of ineffective assistance of counsel or prosecutorial misconduct.

Doc. 3-2 at 6–7, ¶ 12.  Since Snell-Quick does not allege ineffective assistance of counsel or prosecutorial misconduct, the government argues that the instant attack on her sentence, by which she seeks a minor role reduction, is barred by the waiver provision in her plea agreement.  Doc. 3 at 4.  The court agrees.

An appeal waiver or collateral attack waiver is valid if a defendant enters it knowingly and voluntarily.  *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir.

2005); *United States v. Bushert,* 997 F.2d 1343, 1350–55 (11th Cir. 1993).  In this circuit, such waivers have been enforced consistently according to their terms.  *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (collecting cases).  To enforce such a waiver, the government must demonstrate either that (1) the court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record shows that the defendant otherwise understood the full significance of the waiver.  *Bushert,* 997 F.2d at 1351.

Here, the magistrate judge who conducted the plea hearing specifically questioned Snell-Quick about the waiver provision and confirmed that she understood its terms.  Doc. 3-3 at 9.  Thus, the record reflects—and Snell-Quick does not disprove—that Snell-Quick's collateral attack waiver was knowing and voluntary.  *Bushert,* 997 F.2d at 1351.  Consequently, any claim by Snell-Quick seeking a minor role reduction based on Amendment 794 is barred from collateral review by the waiver provision in her plea agreement.

### 2.  *Even if Not Barred, the Claim is Not Cognizable on Collateral Review.*

Even if Snell-Quick's claim is not barred by the waiver provision in her plea agreement, her claim does not entitle her to relief.  In *United States v. Cruickshank*, 837 F.3d 1182 (11th Cir. 2016), the Eleventh Circuit confirmed that Amendment 794 is a clarifying amendment, meaning that it only clarifies the factors a court should consider for a mitigating role adjustment and did not substantively change § 3B1.2.  *Id*. at 1194; *see* U.S.S.G. Supp. App. C., Amend. 794 ("This amendment provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies.").  In *Burke*

5

*v. United States*, 152 F.3d 1329 (11th Cir. 1998), the Eleventh Circuit held that a defendant's claim that his sentence is contrary to a subsequently enacted clarifying amendment is a nonconstitutional issue that is not cognizable under § 2255 absent a complete miscarriage of justice.  This is so because "§ 2255 is not a substitute for direct appeal."  *Id.* at 1331 (citation omitted).  Nonconstitutional claims, such as clarifying amendments to the Sentencing Guidelines, "can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'"  *Id.* (quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994)).

At sentencing, Snell-Quick's counsel argued for a minor role reduction, a request denied by the district court. Doc. 3-4 at 4–8. In denying the minor role reduction, the district court noted that, although the PSR found there were well over 250 victims of the tax refund scheme and over $2 million in intended loss, the court was abiding by provisions of the plea agreement finding there were between 50 and 250 victims of the scheme attributable to Snell-Quick and holding Snell-Quick responsible for only $325,000 in intended loss.  *Id.* *See* U.S.S.G. § 2b1.1(B)(1) & (2).

In *United States v. De Varon*, 175 F.3d 930 (11th Cir. 1999), the Eleventh Circuit held that a minor role reduction "only makes sense analytically if the defendant can establish that her role was minor as compared to the relevant conduct attributed to her." 175 F.3d at 940.  While Snell-Quick may have been less culpable than the leaders of what was a massive conspiracy, she does not show she was held accountable for more than her personal and direct involvement in the conspiracy.  She fails to prove that (1) her actual

conduct was any different from the relevant conduct for which she was held accountable at sentencing, or (2) she was less culpable than most other participants in her relevant conduct.[2]  *De Varon*, 175 F.3d at 939, 945.

A prisoner may only challenge a sentencing error as a "fundamental defect" on collateral review when she establishes that she is actually innocent of her crime or that a prior conviction used to enhance her sentence has been vacated.  *See Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014).  Snell-Quick argues neither.  Considering the circumstances, any alleged misapplication of the sentencing guidelines in this case—and

---

[2] In *United States v. Cruickshank*, 721 F. App'x 909 (11th Cir. 2018), the Eleventh Circuit stated:

> In *[United States v.] De Varon*, [175 F.3d 930 (11th Cir. 1999),] we established a two-part test to determine whether a defendant qualifies for a minor-role adjustment.  *See id*. at 940.  First, "the district court must measure the defendant's role against the relevant conduct for which [he] has been held accountable."  *Id*. at 945.  "When the relevant conduct attributed to a defendant [at sentencing] is identical to his actual conduct, he cannot prove that he is entitled to a minor-role adjustment simply by pointing to some broader scheme for which he was not held accountable."  *United States v. Alvarez-Coria*, 447 F.3d 1340, 1343 (11th Cir. 2006).  Second, "the district court may also measure the defendant's role against the other participants, to the extent that they are discernable, in [the] relevant conduct."  *De Varon*, 175 F.3d at 945.
>
> To conduct this inquiry, we've held that "the conduct of participants in any larger criminal conspiracy is irrelevant."  *De Varon*, 175 F.3d at 944.  Rather, the district court should (1) look to "other participants only to the extent that they are identifiable or discernable from the evidence," and (2) "consider only those participants who were involved in the relevant conduct attributed to the defendant."  *Id*.  We've advised that "[a] defendant is not automatically entitled to a minor role adjustment merely because [he] was somewhat less culpable than the other discernable participants."  *United States v. Bernal-Benitez*, 594 F.3d 1303, 1320–21 (11th Cir. 2010) (emphasis omitted).  Additionally, we have warned that "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none [of the participants] are minor or minimal participants."  *De Varon*, 175 F.3d at 944.  Amendment 794 to the Sentencing Guidelines embraced the approach we took in *De Varon*, and incorporated many of the same factors delineated in *De Varon*.  *Cruickshank*, 837 F.3d at 1193–94 ("*Cruickshank* I").

721 F. App'x at 911–12.

Snell-Quick fails to establish such a misapplication—cannot be considered "fundamentally unfair" or "a miscarriage of justice" sufficient to support collateral relief under § 2255. *See Burke*, 152 F.3d at 1332.  Snell-Quick is entitled to no relief on the claim in her § 2255 motion.

### III.   CONCLUSION

For the reasons set out above, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Snell-Quick be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that on or before October 17, 2018, the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of factual and legal issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Done, on this the 3rd day of October, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge